UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON GREATHOUSE,<br><br>                Plaintiff,<br><br>-against-<br><br>NEW YORK COUNTY DISTRICT ATTORNEY ALVIN L. BRAGG, ESQ., et al.,<br><br>                Defendants. | 1:24-CV-6335 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff is a prisoner who proceeds in this action *pro se*. By order dated September 3, 2024, the Court granted Plaintiff's *in forma pauperis* ("IFP") application. (ECF 5.) References in Plaintiff's original complaint (ECF 1) and in his amended complaint (ECF 6), however, caused the Court to notice certain inconsistencies between those submissions and Plaintiff's IFP application and, therefore, reconsider whether it was proper for the Court to grant Plaintiff IFP status for the purpose of this action. Because of the possibility that Plaintiff's allegation of poverty in his IFP application was untrue, by order dated September 30, 2024, the Court directed Plaintiff, within 30 days, to either pay the $405 in fees to bring this civil action or show cause by declaration why the Court should not revoke Plaintiff's IFP status and should not dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(A). (ECF 7.) In that order, the Court warned Plaintiff that if he failed to comply with that order within the time allowed, the Court would dismiss this action without prejudice under Section 1915(e)(2)(A). (*Id.*)

On December 3, 2024, the court received a declaration from Plaintiff in response to the Court's September 30, 2024 order.[1] (ECF 8.) Plaintiff's 97-page declaration has attached to it many copies of documents, some of them styled for the state courts. (*See id.*) It does not, however, address the inconsistencies noted by the Court in its September 30, 2024 order. Accordingly, because it appears that Plaintiff's allegation of poverty in his IFP application was untrue, the Court revokes Plaintiff's IFP status and dismisses this action without prejudice, without regard to the partial fee payments he has already made. *See* 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue.")

## CONCLUSION

The Court revokes Plaintiff's IFP status and dismisses this action without prejudice because Plaintiff's allegation of poverty in his IFP application was untrue. *See* 28 U.S.C. § 1915(e)(2)(A).

The Court also certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

The Court additionally directs the Clerk of Court to mail a copy of this order and a copy of the accompanying judgment to the warden or superintendent of the facility in which Plaintiff

---

[1] The Court notes that, on October 28, 2024, the Clerk of Court processed three partial payments of the filing fee from Plaintiff in the respective amounts of $11.84, $39.73, and $16.16, totaling of $67.73.

is currently held. The Court directs the warden or superintendent of that facility to cease disbursing payment of the filing fee for this action from Plaintiff's prison trust fund account or from the institutional equivalent.

SO ORDERED.

Dated:   December 10, 2024
          New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge