UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEON GREATHOUSE,

           Plaintiff,

-against-

NEW YORK COUNTY DISTRICT
ATTORNEY ALVIN L. BRAGG, ESQ., et al.,

           Defendants.

1:24-CV-6335 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated December 10, 2024, and entered on December 12, 2024, the Court revoked Plaintiff's *in forma pauperis* ("IFP") status and dismissed this action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(A), because the Court determined that Plaintiff's allegation of poverty was untrue. (ECF 9.) In that order, the Court directed the Clerk of Court to mail a copy of that order and a copy of the accompanying judgment to the warden or superintendent of the facility in which Plaintiff was held, and directed that warden or superintendent to cease disbursing payment of the filing fee for this action from Plaintiff's prison trust fund account or from the institutional equivalent. (*Id.* at 2-3.)

      The Court notes that the docket of this action reveals that, on December 13, 2024, the Clerk of Court mailed a copy of the Court's December 10, 2024 order and a copy of the accompanying judgment to the Warden of the George R. Vierno Center ("GRVC") on Rikers Island, where Plaintiff, who appears *pro se*, was and is currently held.[1] Despite the issuance of that order and its mailing to the GRVC Warden, the Clerk of Court thereafter received additional

---

[1] Before the Court issued that order, the Clerk of Court had received at total of $67.73 deducted from Plaintiff's facility trust fund account, in partial payment of the $350.00 filing fee to bring this action.

payments deducted from Plaintiff's facility trust fund account totaling $282.27; when that amount is added to the $67.73 already received by the Clerk of Court from Plaintiff's facility trust fund account before the issuance of the Court's December 10, 2024 order, the net amount collected by the Clerk of Court is $350.00, in full payment of the filing fee.

On May 20, 2025, the Court received a letter from Plaintiff. (ECF 11.) In his letter, Plaintiff seems to request that the Court order the Clerk of Court to refund to him the amount that the Clerk received that was deducted from his facility trust fund account after the Court issued its December 10, 2024 order directing the GRVC Warden to cease disbursing payment. The Court grants Plaintiff's request.

Under Section 1915(e)(2)(A), "[n]otwithstanding any filing fee, or any portion thereof, *that may have been paid*, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). As mentioned above, when, in its December 10, 2024 order, the Court dismissed this action without prejudice under Section 1915(e)(2)(A), and directed the GRVC Warden to cease disbursing payment, only $67.73 of the filing fee had been collected from Plaintiff's facility trust fund account; the Clerk of Court had not yet collected the remaining $282.27, which was erroneously disbursed from Plaintiff's facility trust fund account after the Court's December 10, 2024 was entered. Accordingly, the Court directs the Clerk of Court to issue Plaintiff a partial refund of the filing fee in the amount of $282.27.

## CONCLUSION

The Court understands Plaintiff's recently filed letter (ECF 11) as a request to the Court to direct the Clerk of Court to issue a refund to Plaintiff in the amount of $282.27; this amount was erroneously disbursed to the Clerk of Court from Plaintiff's facility trust fund account in partial payment of the filing fee to bring this action after the Court had already, in its December

10, 2024 order, dismissed this action without prejudice under 28 U.S.C. § 1915(e)(2)(A), and had directed the GRVC Warden to cease disbursing payment from Plaintiff's facility trust fund account. The Court grants Plaintiff's request.

The Court directs the Clerk of Court to issue Plaintiff a partial refund of the filing fee collected in the amount of $282.27.

The Court also certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 16, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge